UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICKY JONES,

    Plaintiff,

v.

File No. 2:14-CV-63

HON. ROBERT HOLMES BELL

CR MEYER CONSTRUCTION CO., et al.,

    Defendants.
                                              /

**OPINION**

    This is a pro se civil rights case brought pursuant to 42 U.S.C. §§ 1981, 1985, and 1986, filed in state court and removed to this Court pursuant to 28 U.S.C. § 1441. The matter is before the Court on Defendants' Motions to Dismiss (ECF Nos. 10, 12, 15, 16) for failure to state a claim upon which relief can be granted. Plaintiff has filed a Response (ECF No. 25) to which Defendants have filed Replies (ECF Nos. 26, 29, 31, 32). Oral argument is unnecessary for disposition of the motions. For the reasons that follow, the Court will grant Defendants' motions and dismiss Plaintiff's claims with prejudice.

**I.**

    The facts in this case are incredibly sparse. It appears from Plaintiff's pro se complaint and the parties' briefs and exhibits that Plaintiff is a Journeyman Ironworker employed by Defendant Meyer. Defendant Meyer is a subcontractor to Defendant Fluor. Defendant Fluor is engaged by the Eagle Mine in Michigan's Upper Peninsula to complete a construction project. Plaintiff is a member

of Defendant Ironworkers Local 8 (Defendant Local 8). Defendant Travelers was Plaintiff's worker's compensation coverage provider.

Plaintiff is "an Afro American . . . seeking . . . damages for the intentional discrimination perpetrated at the hands of . . . Defendants. Further alleging a Conspiracy to deprive me of rights and privileges as enjoyed by Whites in same or similar circumstances." (Compl., ECF No. 1-1.) Plaintiff enumerates nine allegations of allegedly discriminatory action taken by Defendants.

## II.

Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)(2)); *see Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given pro se pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). For example, in reviewing pro se pleadings, the court is still not required to "'accept as true legal conclusions or unwarranted factual inferences.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

While the notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions, labels, and formulaic recitations of the

elements of a cause of action. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). The court need not accept as true legal conclusions or unwarranted factual inferences. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570); *see Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010)(quoting *Iqbal*, 556 U.S. at 678). Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 557).

Further, under Rule 10(c), the court can consider the exhibits attached to the complaint without converting a defendant's Rule 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. P. 10(c); *see Koubriti v. Convertino*, 593 F.3d 459, 462 n.1 (6th Cir. 2010) ("Documents attached to the pleadings become part of the pleadings and may be considered on a motion to

3

dismiss.").

A.     **Discrimination Under 42 U.S.C. § 1981**

To state a claim for racial discrimination under § 1981, a plaintiff must plead facts that show: "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006)

1.     *Defendant Meyer*

Plaintiff makes the following allegations regarding race against Defendant Meyer:

> That CR Meyer and its employees violated my rights when they disregards my following procedure when reporting work related injury to say that I quiet employment. Unlike the method used for Whites in same or similar circumstances.

(sic) (Compl. ¶ 1, ECF No. 1-1.)

> That CR Meyer violates my rights when they assigned me, a Journeymen Ironworker, to fire watch, Then when overtime work falling under Union Ironworker jurisdiction is available it is denied tome citing this classification, in favor of Whites with lesser Journeyman skills.

(sic) (*Id.* ¶ 2.)

> That CR Meyer employees conspired with racial animus to cover up proper reporting of work times and dates to intentionally harm plaintiff's mental diagnosis as well as to create a pretext for wrongful termination.

(sic) (*Id.* ¶ 4.)

> That CR Meyer employees Violated my rights when after release form Physicians Care, Doctor reported Work injuries caused absence, however CR Meyer employee says Plaintiff Quit and that he had been replaced. Further that CR Meyer was doing no more hiring for the project.

(sic) (*Id.* ¶ 5.)

4

> Plaintiff applied to CR Meyer personnel managers for employment or reinstatement as there had never been any prior disciplinary actions, nor notice of this termination and was told they were not doing any more hiring, however several other White employees have been hired with lesser skills and Credentials, even Apprentices.

(sic) (*Id.* ¶ 6.)

> that Fluor Construction Co. having been informed by Jones of his Construction Management Degree and Welding Diploma from Washtenaw Community College conspired with CR Meyer to prevent Jones's promotion by reducing the standards required by Whites to supervise and Weld refusing to prevent the Unlawful Discrimination taking place.

(sic) (*Id.* ¶ 7.)

Defendant argues that Plaintiff "does not identify when or where these alleged incidents occurred, who allegedly discriminated against him, or identify any particular employees who allegedly received more favorable treatment."(Meyer's Mot. 5, ECF No. 10.) Defendant Meyer argues therefore that Plaintiff has failed to put it on notice of the grounds on which his claims rest. Plaintiff responds that "Defendant CR Meyer past and present practices are so egregious that it is to upsetting to go into the details at this time." (Pl.'s Resp. 2, ECF No. 25.) Plaintiff then lists several allegations relating to his alleged right to reinstatement. (*Id.*; *see also* Op. 2–3, ECF No. 24.) Finally Plaintiff adds "just this week three afro-americans were forced to drag up do to CR Meyers Blaint Racial Discrimination and use of the word 'Nigger.'" (sic) (*Id.*)

2.   *Defendant Local 8*

Plaintiff makes a lone allegation against Defendant Local 8

> that Plaintiff promptly reported the events to the Union personnel and they pass on representing me, willing my demise and conspiring with the actors.

(sic) (Compl. ¶ 8, ECF No. 1-1.) Defendant Local 8 argues that Plaintiff has failed to allege that it intentionally discriminated against him, or what activity protected by § 1981(a) such discrimination

abridged. (Def. Local 8's Mot. 8, ECF No. 13.)

3.   *Defendant Fluor*

Plaintiff makes the following allegation against Defendant Fluor:

> that Fluor Construction Co. having been informed by Jones of his Construction Management Degree and Welding Diploma from Washtenaw Community College conspired with CR Meyer to prevent Jones's promotion by reducing the standards required by Whites to supervise and Weld refusing to prevent the Unlawful Discrimination taking place.

(sic) (Compl. ¶ 7, ECF No. 1-1.) Defendant Fluor argues, "From this paucity of information it is simply impossible to determine what legal claims Plaintiff seeks to bring against Fluor and a court cannot draw a reasonable inference that [Defendant Fluor] is liable for alleged misconduct." (Def. Fluor's Br. 7, ECF No. 15.) Plaintiff does not respond to Defendant Fluor's arguments.

4.   *Defendant Travelers*

Plaintiff makes the following allegation against Defendant Travelers

> Travelers insurance company through there Adjusters willfully and with racial discriminatory animus knowingly doctored evidence and accepted false testimony in the handling of this matter to conspire in the damages to plaintiff in the exercise of guarantees embedded and enforceable through the court system.

(sic) (Compl. ¶ 9, ECF No. 1-1.) Defendant Travelers argues that these allegations fail to put it on notice of how it violated § 1981. (Def. Traveler's Br. 3, ECF No. 17.) Plaintiff responds by stating that Defendant Traveler's "request for dismissal is frivolous to think any court in America would allow such a disregard of Due Process to deprive me of benefits is unconscionable and not worthy of response." (Pl.'s Resp. 2, ECF No. 25.) An e-mail explaining that Plaintiff is ineligible for worker's compensation coverage through Defendant Travelers attached as an exhibit to Defendant Traveler's Motion (ECF No. 17-1.) appears to form the basis of Plaintiff's disagreement with

6

Defendant Travelers.

Taken together, Defendants are correct that Plaintiff's complaint fails to put any of them on notice of the factual grounds of his claims. Indeed, reading Plaintiff's complaint as liberally and indulgently as possible, the Court is left to conclude that it is *possible* that Defendants discriminated against Plaintiff, but the allegations in the complaint are merely consistent with liability and otherwise conclusory, and do not raise Plaintiff's right to relief above the speculative level. Such sparse pleadings cannot survive a motion to dismiss. The Court will therefore grant Defendants' motions with respect to Plaintiff's § 1981 claim.

### B. Conspiracy to Discriminate under § 1985 and Failure to Prevent a Conspiracy under § 1986

To state a claim under § 1985, a plaintiff must show: "(1) the existence of a conspiracy; (2) the purpose of the conspiracy was to deprive any person or class of persons the equal protection or equal privileges and immunities of the law; (3) an act in furtherance of the conspiracy; and (4) injury or deprivation of a federally protected right." *Royal Oak Entm't, LLC v. City of Royal Oak, Mich.*, 205 F. App'x 389, 399 (6th Cir. 2006) (citing *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir.1994)). Such a conspiracy claim "'must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). Further, a § 1986 claim is "derivative and conditioned on establishing a § 1985 violation." *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000).

Plaintiff has failed to plead facts that would show a deprivation of a federally protected right.

Further, Plaintiff has failed to plead with specificity the existence of a conspiracy, but rather has made "vague and conclusory allegations" that are unsupported by specific facts. Plaintiff has also failed to plead facts that raise above the speculative level whether Defendants agreed to deprive him of his federally protected rights. Because Plaintiff has failed to state a claim under § 1985, he also fails to state a claim under § 1986. *See Bartell*, 215 F.3d at 560. The Court will therefore grant Defendants' motions with regard to Plaintiff's §§ 1985 and 1986 claims.

**C.     Motion for Fees**

Defendant Local 8 also moves for its attorney's fees pursuant to 42 U.S.C. § 1988. Defendant Local 8 cites *Wilson-Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 813 (6th Cir. 2000), which states that a Court can order fees and costs "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." (Def. Local 8's Mot. 9, ECF No. 13.) Although the Court holds that Plaintiff has failed to state a claim upon which relief can be granted, it does not find that Plaintiff's action was frivolous, unreasonable, or without foundation. The Court will therefore deny Defendant Local 8's motion.

**III.**

For the foregoing reasons, the Court holds that Plaintiff has failed to state a claim upon which relief can be granted with respect to all defendants under 42 U.S.C. §§ 1981, 1985, and 1986. The Court therefore grants Defendants' motions under Fed. R. Civ. P. 12(b)(6).

The Court will issue an Order and Judgment consistent with this Opinion.

Dated: <u>May 19, 2014</u>                          /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE